**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DAVID FOLK,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **Case No.:** |
| **-vs.-** | ) | **Hon.** |
| | ) | **Mag.** |
| | ) | |
| **THE COUNTY OF MONROE ,** | ) | |
| **JOHN DOE DEPUTIES,** | ) | |
| **In their Individual Capacity;** | ) | |
| **Jointly and Severally,** | ) | |
| Defendant. | ) | |

**PREMIER LEGAL GROUP, PLLC**
**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Telephone: (734) 282-6037
Facsimile: (734) 447-5853
jscanland@milawoffices.com

**VERIFIED COMPLAINT AND JURY DEMAND**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

/s/Jerard M. Scanland
**JERARD M. SCANLAND**
**Attorney At Law**

**COMES NOW THE,** Plaintiff, **DAVID FOLK,** through his attorney the law firm of PREMIER LEGAL GROUP, PLLC and by the undersigned counsel Jerard M. Scanland, and in support of his Complaint For Police Misconduct states the following:

## JURISDICTION

1. The Plaintiff brings this cause of action pursuant to USC 42 Sec 1983, and a violation of the 4th Amendment.

2. This is a civil action for monetary damages being brought pursuant to 42 U.S.C. §1983, which guarantees citizens of the United States an action at law against any person who, acting under color of law, deprives them of their rights secured by the United States Constitution.

3. This court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. Section 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws and treaties of the United States;

   b. 28 U.S.C. Section 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

   c. 28 U.S.C Section 1367, which gives the district court supplemental jurisdiction over state law claims.

4. Plaintiff seeks all compensatory damages allowable for a violation of 42 U.S.C. §1983 and punitive damages for the reckless and callous indifference exhibited by the individual defendants to the Plaintiff's constitutional rights in addition to costs, interest, expert fees, and attorney fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

5. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## VENUE

6. Venue is appropriate in this judicial district under 28 U.S.C Section 1391 (b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

7. Plaintiff incorporates and restates the preceding paragraphs as if more fully stated herein.

8. Plaintiff is a citizen of the United States and resides within the jurisdiction of the Eastern District of Michigan.

9. Defendant, the Monroe County Sheriff's Department is a public entity and is located in the County of Monroe, State of Michigan, which is in this judicial district.

10. At all times relevant, to this lawsuit, Defendants were acting under the color of law with respect to the events set forth in this Complaint.

11. All all times, Defendant The County of Monroe employed the named Defendants are liable for their acts. The County of Monroe is also liable for the unconstitutional policies, practices, and customs of the Monroe County Sheriff.

12.Defendants are jointly and severally liable to Plaintiff for the claims asserted herein.

**GENERAL ALLEGATIONS**

13.Plaintiff hereby re-alleges and incorporates individually, every numbered allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

14. In or around September 27th, 2025 Plaintiff was housed a male inmate at the Monroe County Jail.

15. During Plaintiff's incarceration at the Monroe County Jail, Plaintiff was subjected to an unreasonable, unlawful, and unconstitutional strip search conducted by agents and/or employees of the Monroe County Sheriff's Department.

16.Specifically, the Monroe County Sheriff has allowed an unconstitutional policy, custom, and practice to flourish within the Monroe County Jail whereby a male inmate was forcibly exposed in a state of undress to male guards, officers, employees, and upon information and belief, other inmates, during which one of the guards had a body camera on.

17.During a strip search, Plaintiff was made to strip down naked. Upon

information and belief, this occurred in a common area, in clear view of other male officers. In fact, one of the Sheriff's Deputies had a body camera on that was actively recording.

18.During the strip search in question, the Plaintiff was made to strip, bend over revealing his anus under the pretense of searching for contraband.

19.Upon information and belief, the unconstitutional strip search was conducted in view of other officers, and, upon information and belief, other inmates.

20.Plaintiff was subjected to degrading, humiliating, and sexually exploitive conduct by the Defendant and jail staff who failed to properly conduct a strip search of the Plaintiff. One of the jail staff had a body camera on that was actively recording, during the period of time the Plaintiff was searched. The recording of an inmate during a strip search, is not a policy of the jail or its staff.

21.The strip search was conducted without necessary for doing so and without regard to Plaintiff's constitutional right to privacy.

22.The Plaintiff was degraded, humiliated, and subjected to inhumane and cruel treatment as described herein for no legitimate penological interest but rather to embarrass, humiliate and degrade him.

23.The Plaintiff suffered extreme emotional distress, humiliation, embarrassment, and damages as a result of Defendants' degrading, humiliating,

and cruel actions.

## LEGAL FRAMEWORK

### 1. Right of Action

24. The Fourth Amendment to the United States Constitution guarantees citizens the right to be secure in their persons from unreasonable seizures, which includes the right to be free from unreasonable or excessive force during an arrest.

25. The Fourteenth Amendment to the United States Constitution guarantees the right to be free from unreasonable violations of one's privacy rights.

26. Citizens have a right to bring an action against governments and governmental employees for the violation of their rights.

> "Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983."

## COUNT-I
## VIOLATION OF THE FOURTH AMENDMENT

27. Plaintiff hereby re-alleges and incorporates individually, every numbered allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

28. The acts of Defendants as ratified, endorsed, and cultivated by the

County of Monroe and its Sheriffs as described herein violated Plaintiff's privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

29. Defendants' actions as described herein were undertaken without regard to any legitimate penological interest.

30. Defendants' acts of forcibly exposing and recording Plaintiff to be seen naked by male deputies and other male inmates constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

31. Defendants' acts of forcibly exposing and recording Plaintiff to be seen naked by male deputies and, upon information and belief, other male inmates in the absence of any legitimate penological interest by Defendants to conduct such group strip searches constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

32. Defendants' acts of forcibly exposing Plaintiff to be strip searched while being recorded and in the presence of other guards and/or possibly other inmates and without a legitimate penological interest constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

33. Defendants' actions were not taken spontaneously in response to an emergency, but rather in conformity with the County and Sheriff's Department 's deliberate policies, customs, and practices.

34. The constitutional rights that Defendants violated were clearly

established at all times when Defendants violate such rights and a reasonable person in Defendants' position would have understood that their conduct was in violation of those rights.

35. Defendants are therefore not entitled to qualified immunity.

36. By virtue of Defendants' actions, Plaintiff is entitled to compensatory and punitive damages.

**COUNT-II**
***MONELL* CLAIM AGAINST THE COUNTY OF MONROE AND THE MONROE COUNTY'S SHERIFFS FOR ITS UNCONSITUTIONAL POLICIES, CUSTOMS, AND PRACTICES**

37. Plaintiff hereby re-alleges and incorporates individually, every numbered allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

38. Defendants The County of Monroe and Monroe County Sheriff's employed the use of unconstitutional policies, practices, and customs relating to strip searches that resulted in the violation of Plaintiff's constitutional rights under the Fourth Amendment.

39. Specifically, Defendants County and its Sheriff allowed the following unconstitutional policies, practices, and customs to flourish in the Monroe County Jail:

a. Subjecting the Plaintiff to a strip search without regard to the Plaintiff's privacy and without legitimate penological interest;

b. Forcibly exposing the Plaintiff to a strip search in the presence or within view of other guards without a legitimate penological interest;

c. Forcibly exposing the Plaintiff to a strip search while being recorded.

40. Defendants' unconstitutional policies, practices, and customs as described herein served no legitimate penological interest.

**COUNT-III**
***MONELL* CLAIM AGAINST THE COUNTY OF MONROE AND MONROE COUNTY SHERIFFS FOR INADEQUATE TRAINING AND/OR SUPERVISION OF ITS AGENT AND EMPLOYEES REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS**

41. Plaintiff hereby re-alleges and incorporates individually, every numbered allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

42. Defendants The County of Monroe and its Sheriffs had an obligation to train its employees and/or agents regarding the constitutional rights of citizens under the Fourth Amendment including the right to privacy.

43. Defendants The County of Monroe and its Sheriffs had an obligation to supervise its agents and employees, including the individual Defendants named herein, to insure that the constitutional rights of Plaintiff and similarly situated inmates were violated.

44. In particular, Defendants' failure to train and supervise its agents and/or employees resulted in the following unconstitutional policies, practices, and customs to flourish in the Monroe County Jail:

a. Subjecting the Plaintiff to a strip search without regard to the Plaintiff's privacy and without legitimate penological interest;

b. Forcibly exposing the Plaintiff to a strip search in the presence or within view of other guards without a legitimate penological interest;

c. Forcibly exposing the Plaintiff to a strip search while being recorded.

45. Defendants The County of Monroe and its Sheriffs failed to comply with its duty to train and/or supervise its employees and/or agents and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights of Plaintiff and upon information and belief, other inmates.

46. By inadequately training and/or supervising its employees and agents and having a custom or policy of deliberate indifference to the constitutional rights of Plaintiff, Defendants encouraged and cultivated the conduct that resulted in the violation of Plaintiff's constitutional rights as set forth herein.

47. Defendants' policies, practices, and customs were the moving force in causing Plaintiff's injuries as described herein.

48. By virtue of the actions of Defendant, The County of Monroe, and its Sheriffs, Plaintiff is entitled to compensatory and punitive damages.

## DAMAGES AND RELIEF REQUESTED

49. Plaintiff hereby re-alleges and incorporates individually, every numbered allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

50. As a direct and proximate result of Defendants' conduct, each and every one of them as set forth herein, Plaintiff's constitutional rights under the Fourth Amendment were violated.

51. As a direct and proximate result of Defendants' conduct, each and every one of them, as set forth herein, Plaintiff suffered extreme injury including emotional distress, humiliation, anguish, and embarrassment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

a. Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

b. Compensatory damages against all defendants to which Plaintiff is entitled;

c. Punitive/Exemplary damages against all defendants to which Plaintiff is Entitled;

d. An award of interest, costs, and reasonable Attorney fees;

e. Such other relief as this Honorable Court deems proper and just.

Dated:

Respectfully Submitted,

**PREMIER LEGAL GROUP, PLLC**

/s/ Jerard M. Scanland

**JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reek Court, Suite 5
Southgate, Michigan 48195
Telephone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com

I attest that the above is true and correct to the best of my knowledge, information and belief.

Dated:

**DAVID FOLK**
Plaintiff

**DEMAND FOR JURY TRIAL**

By and through counsel, Plaintiff hereby demands a trial by jury in the above captioned matter.

Dated:

Respectfully Submitted,

**PREMIER LEGAL GROUP, PLLC**

/s/ Jerard M. Scanland

---

**JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reek Court, Suite 5
Southgate, Michigan 48195
Telephone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com